UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARNELL HUDSON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br>NCSPLUS INCORPORATED and<br>JOHN DOES 1-25,<br><br>Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Darnell Hudson (hereinafter, "Plaintiff" or "Hudson"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant NCSPlus, Incorporated (hereinafter "Defendant NCS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act ("hereinafter the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id*. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Indiana, County of Allen, residing at 429 East Dupont Road, Fort Wayne, IN 46825.

8. Defendant NCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 117 E. 24th Street, 5th Floor, New York, NY 10010.

9. Upon information and belief, Defendant NCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals residing in the state of Indiana;
    b. to whom Defendant sent a collection letter;
    c. that falsely threatens negative reporting of the consumer's debt for seven years;
    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d and l692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   e. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   f. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

      is \whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 USC §1692d and §l692e.

g. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

h. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

i. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to October 26, 2017, an obligation was allegedly incurred to Ambulance Collection (or an ambulance collection company).

22. The Ambulance Collection obligation arose out of transactions for medical services allegedly received by Plaintiff which were incurred primarily for personal, family or household purposes.

23. The alleged Ambulance Collection obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Defendant NCS is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

25. Creditor Ambulance Collection contracted with the Defendant NCS to collect the alleged debt.

26. Defendant NCS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*<u>Violation – October 26, 2017 Collection Letter</u>*

27. On or around October 26, 2017, Plaintiff received a collection letter from Defendant. See a true and correct copy of the Letter attached hereto as Exhibit A.

28. The Letter states "Under federal law, your name and the amount you owe may be reported due and unpaid to one or more of the National Credit Reporting Bureaus…Any information reported about you may remain in your Credit Bureau file for up to seven years."

29. This statement is deceptive since the debt can only be reported on Plaintiff's credit report for seven years from the date of default.

30. As Plaintiff's account was in default well before October 26, 2017, it is impossible that Plaintiff's account would be reported for seven years from that date.

31. Defendant's letter is a deceptive tactic to coerce a payment from Plaintiff on the debt by threating him with harm to his credit report for significantly longer than allowable by law.

32. Plaintiff incurred an informational injury as Defendant falsely advised that his debt could be reported to the credit bureaus for seven years when this was knowingly false information.

33. Consequently, Plaintiff incurred anxiety and emotional turmoil regarding this false threat of damage to his credit.

34. As a result of Defendant's deceptive and misleading statement Plaintiff has been harmed.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

37. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

38. Defendant engaged in harassing and abuse debt collection methods in harassing Plaintiff to pay a debt by threatening him with false threats of negative credit reporting, in violation of 15 U.S.C. §§1692d.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendants made false, deceptive and misleading representations when

   (a) they advised him that his debt would be reported to the credit bureaus for seven years when that was impossible; and

    (b) falsely and deceptively mischaracterized the legal status of the debt allegedly owed in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Darnell Hudson, individually and on behalf of all others similarly situated, demands judgment from Defendant NCSPlus Incorporated as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Rachel B. Drake, Esq. as Class Counsel;
2. Awarding Plaintiff and the Class statutory damages;
3. Awarding Plaintiff and the Class actual damages;
4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;
5. Awarding pre-judgment interest and post-judgment interest; and
6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 30, 2018                              Respectfully Submitted,

                                                          **STEIN SAKS, PLLC**

                                                        */s/ Rachel B. Drake*
                                                        Rachel B. Drake, Esq.
                                                        285 Passaic Street
                                                        Hackensack, NJ 07601
                                                        Phone: 201-282-6500
                                                        Fax: 201-282-6501
                                                        rdrake@steinsakslegal.com
                                                        *Pro Hac Vice pending*
                                                        **Counsel for Plaintiff Darnell Hudson**