UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARNELL HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:18-CV-271-TLS |
| | ) |
| NCSPLUS INCORPORATED, and | ) |
| JOHN DOES 1-25 | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On August 30, 2018, the Plaintiff filed his Complaint [ECF No. 1] against the Defendants. On August 31, 2018, the Court issued summonses [ECF No. 3] to Defendant NCSPlus Incorporated. On January 4, 2019, the Plaintiff was notified that, if the Plaintiff did not take an action by January 19, 2019, the matter might be dismissed for failure to effectuate service [ECF No. 6]. The Plaintiff took no action, and the case was dismissed on February 7, 2019 [ECF No. 7]. On February 8, 2019, the Plaintiff filed a Motion to Reopen the Case [ECF No. 8], and the executed summons [ECF No. 9], which had been served on September 19, 2018. On February 14, 2019, the Court granted the Plaintiff's Motion [ECF No. 10]. On February 28, 2019, the Plaintiff filed an Application for Clerk's Entry of Default, which was granted [ECF No. 11 and 12]. This matter is before the Court on the Defendant's Unopposed Motion to Set Aside Default and Motion for Extension of Time to File Answer [ECF No. 13], filed on March 5, 2019.

Entry of default must be vacated because the Defendant has good cause for the default, took quick action to correct it, and has a meritorious defense to the Complaint. Federal Rule of

Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

An order entering default before the entry of final judgment may be vacated if the moving party shows: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). While the same test applies for motions seeking relief from a default judgment under both Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b), the test is more liberally applied in the Rule 55(c) context. *Id.* (*citing United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

Here, the Defendant shows good cause for the default. The Defendant did not act willfully or in bad faith, and the Plaintiff will not be prejudiced by allowing the Defendant to appear. The Defendant took quick action to correct the default, filing the Unopposed Motion within two business days of the entry of default.

The Defendant has also set forth a meritorious defense to the Complaint, as evidenced by the Defendant's Answer, attached as an Exhibit to the Motion to Vacate. The Seventh Circuit has a policy of "favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631. Given the Seventh Circuit's lenient standard for the application of Rule 55(c), an answer, combined with a motion to vacate an entry of default is sufficient to show a meritorious defense where, as here, it notifies the plaintiff and the court of the nature of its defense. *Id.*

For the forgoing reasons, the Court GRANTS the Defendant's Unopposed Motion [ECF No. 14] and VACATES the Entry of Default [ECF No. 12]. The Court GRANTS the Defendant leave to file its Answer to the Plaintiff's Complaint [ECF No. 13-2].

SO ORDERED on March 11, 2019.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT